# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David Reynolds, | Case No. 22-cv-84 (NEB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

In January 2019, petitioner David Reynolds was found guilty after a jury trial in Minnesota state court on charges of first-degree arson, second-degree arson, and three counts of felony animal cruelty. *See Reynolds v. State*, No. A21-0282, 2021 WL 4059654, at *1 (Minn. Ct. App. Sept. 7, 2021). Reynolds was sentenced to a 48-month term of imprisonment, but execution of the sentence was stayed, and Reynolds was released on conditions. Later that year, Reynolds was found by the state court to have violated the conditions of release. The trial court executed the original sentence and Reynolds was sent to prison, where he remains today.

In a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, Reynolds challenges the validity of the January 2019 conviction and, at least implicitly, the later execution of the sentence because (among other reasons offered) the trial court was a court of equity and lacked jurisdiction over the proceedings. Reynolds's habeas petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254

1

Cases in the United States District Courts. As a result of that review, this Court concludes that the habeas petition is untimely and recommends denial on that basis.

A one-year limitations period for filing a federal habeas petition is established by 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Two of the four § 2244(d)(1) provisions are not relevant to this case: Reynolds does not contend that he has ever been impeded by state action from filing a federal habeas

petition, *see* 28 U.S.C. § 2244(d)(1)(B), and none of his claims rely upon a constitutional right newly recognized by the Supreme Court of the United States, *see* 28 U.S.C. § 2244(d)(1)(B).  Each of the remaining provisions, however, requires closer examination.

Under § 2244(d)(1)(A), the one-year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Reynolds did not seek direct appeal following his January 2019 conviction, and the time for doing so expired under Minnesota law ninety days later.  *See* Minn. R. Crim. P. 28.05.  The limitations period established by § 2244(d)(1)(A) began to run once Reynolds could no longer seek direct review of his conviction — that is, in April 2019.  At no time during the following year did Reynolds file a petition for post-conviction relief in the state courts.  Accordingly, the limitations period set by § 2244(d)(1)(A) closed in April 2020.  Reynolds did not file his petition until January 2022.

The bulk of the habeas petition concerns Reynolds's trial and initial conviction; in fact, Reynolds appears to disclaim making any attack on the later proceedings regarding the violation of his conditions of release.  *See* Pet'r Ex. at 5 [ECF No. 1] ("You will notice I did nothing with the hearings.  That is because you will never get past the actual trial itself.").  Because Reynolds has challenged the jurisdiction of the state court *in toto*, however, this Court has also considered whether the habeas petition is timely with respect to any challenges made to the later proceedings.

The timeliness of any such claims would not be governed by § 2244(d)(1)(A) because the factual predicate of those claims would not have existed at the time that the judgment became final; Reynolds could not have filed a habeas petition attacking the legality of proceedings that had not yet occurred. Accordingly, the limitations period for any potential claims challenging the later conditional-release proceedings is established by § 2244(d)(1)(D), with the year for Reynolds to file a federal habeas petition regarding those claims beginning on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." At the very latest, that year began on December 27, 2019, when the conditional-release proceedings concluded and the sentence that Reynolds is now serving was executed by the state trial court. One year later — to be specific, on December 28, 2020 (the prior day was a Sunday) — the limitations period closed.

Reynolds did file a petition for postconviction relief in the state courts after the conditional-release proceedings had concluded, and, under § 2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." But that state-court petition for postconviction relief was not filed by Reynolds until January 6, 2021, about a week after the limitations period set by § 2244(d)(1)(D) had already expired. Section 2244(d)(2) only stops the limitations "clock"; it does not reset the one-year limitations period. *See, e.g., Cordle v.*

4

*Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005). In Reynolds's case, the limitations clock did not become stopped until too much time had elapsed.[1]

The habeas petition now before the Court is therefore untimely and should be denied on that basis. Two further matters require brief comment. First, because it is recommended that the habeas petition be denied, it is also recommended that Reynolds's application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, this Court does not believe that the procedural question on which this matter is decided may be reasonably put into dispute, and therefore it is recommended that no certificate of appealability be issued.

[Continued on next page.]

---

[1] In addition, more than a month passed between the date that the Minnesota Supreme Court declined review of the postconviction proceedings and the date that Reynolds filed his federal habeas petition. The time for Reynolds to file his habeas petition had already expired by this point, but the limitations window was not tolled by § 2244(d)(2) during this period, either. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner David Reynolds [ECF No. 1] be **DENIED** as untimely.

2. This matter be **DISMISSED**.

3. Reynolds's application to proceed *in forma pauperis* [ECF No. 4] be **DENIED**.

4. No certificate of appealability be issued.


Date: February  7 , 2022                                  *s/ Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Reynolds v. State of Minnesota*
                                                          Case No. 22-cv-84 (NEB/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).