UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID REYNOLDS, | Case No. 22-CV-84 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

The Court has received the February 2022 Report and Recommendation of United States Magistrate Judge Tony N. Leung. (ECF No. 5 ("R&R").) The R&R recommends denying Reynolds's petition for *habeas corpus* because it is untimely. (*Id.* (citing 28 U.S.C § 2244(d)).) Reynolds objects to the R&R generally, without addressing the statute of limitations. (ECF Nos. 6, 8, 9, 10, 11, 12, 14.) Even though courts in this District have applied the clear error standard of review for non-specific objections, the Eighth Circuit has emphasized the necessity for *de novo* review when a party makes any objection. *See United States v. Chapman*, No. 18-CR-00250 (ECT/SER), 2019 WL 1487847, at *1–2 (D. Minn. Apr. 4, 2019) (collecting cases and discussing Eighth Circuit precedent). The Court has reviewed the matter *de novo* and agrees with the thorough analysis of the R&R. Reynolds submitted his petition for *habeas corpus* after the one-year statutory period for filing a

petition ended.[1] The petition for *habeas corpus* must be denied. Thus, Reynolds's applications to proceed *in forma pauperis* are denied as moot. (ECF Nos. 4, 13.)

Therefore, based on the foregoing and on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The Objections to the Report and Recommendation (ECF Nos. 6, 8, 9, 10, 11, 12, 14) are OVERRULED;

2. The Report and Recommendation (ECF No. 5) is ACCEPTED;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. Section 2254 is DENIED;

4. The action is DISMISSED WITH PREJUDICE;

5. The applications to proceed *in forma pauperis* (ECF Nos. 4, 13) are DENIED AS MOOT; and

6. No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 12, 2022　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Reynolds has been convicted in state court twice. He challenges only his first conviction (56-CR-18-1332), so the Court evaluates timeliness as to only that conviction. *See Pace v. DiGuglielmo*, 544 U.S. 408, 415 (2005) (explaining that timeliness under Section 2244 should be evaluated on a claim-by-claim basis).